IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-59 |
| | ) | |
| HERBERT LYNN JONES, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on July 28, 2011, for a scheduled pretrial conference and motion hearing on the Defendant's Motion to Continue Trial Date, Plea Deadline, and All Corresponding Deadlines [Doc. 14], filed on July 22, 2011. Assistant United States Attorney Cynthia F. Davidson, appeared on behalf of the Government. Attorney Bradley L. Henry represented Defendant Jones, who was also present.

In the motion, defense counsel requests that the Court continue the trial date, plea deadline, and all other corresponding deadlines. In support of such request, defense counsel asserts that he recently filed a Motion to Dismiss the Indictment [Doc. 15], and additional time is necessary for the court to properly consider this pending motion. Defense counsel also states that he is in the process of changing law firms, which has required him to devote large amounts of time to ensure that cases are properly transferred and his clients are informed of the change. At the hearing, the

1

Defendant agreed with the need for a continuance and affirmed that he understood that he would remain in custody pending his trial date. The Government stated that it had no objection to continuing the trial date in this matter.

The Court finds defense counsel's motion for a continuance to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court will need to conduct a hearing on the Defendant's Motion to Dismiss the Indictment [Doc. 15] and time, not to exceed thirty days, to prepare a report and recommendation on the motion. See 18 U.S.C. § 3161(h)(1)(H). Following the filing of the report and recommendation, the parties need time to file any objections, and the District Court will need time to rule upon the motion in light of the report and any objections. Finally, the parties will need time to prepare for trial in light of the ruling on the motion. The Court finds that all of this could not take place before the August 16, 2011 trial date. The failure to grant a continuance would deprive the parties of time to secure a ruling on the Defendant's pending motion and to prepare for trial in light of this motion. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's Motion to Continue Trial Date, Plea Deadline, and All Corresponding Deadlines **[Doc. 14]** is **GRANTED**, and the trial of this matter is reset to **February 7, 2012.** The Court also finds that all the time between the **July 28, 2011** hearing and the new trial date of **February 7, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), (H), & (h)(7)(A)-(B). With regard to additional scheduling, the Court set a motion hearing on the Defendant's pending motion to dismiss for **August**

**29, 2011, at 1:30 p.m.** The Court noted that the Defendant's presence is not required at the motion hearing because it will hear only legal arguments from the parties. The plea negotiation deadline is also **January 9, 2012**. Motions *in limine* must be filed no later than **January 23, 2012**. Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **January 30, 2012**.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue Trial Date, Plea Deadline, and All Corresponding Deadlines **[Doc. 14]** is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 7, 2012**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **July 28, 2011** hearing, and the new trial date of **February 7, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The parties are to appear before the undersigned for a motion hearing on the Defendant's pending Motion to Dismiss the Indictment [Doc. 15] on **August 29, 2011, at 1:30 p.m.**;

(5) The new plea negotiation cutoff deadline is **January 9, 2012**;

(6) Motions *in limine* must be filed no later than **January 23, 2012**; and

(7) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **January 30, 2012**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge