IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:11-CR-59 |
| HERBERT LYNN JONES, | ) ) | (VARLAN/SHIRLEY) |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Herbert Jones's Motion to Dismiss the Indictment [Doc. 15], filed on July 22, 2011. The parties appeared before the undersigned for a motion hearing on August 29, 2011. Assistant United States Attorney Cynthia F. Davison appeared on behalf of the Government. Attorney Bradley L. Henry represented the Defendant, who was not present. After hearing the arguments of the parties, the Court took the motion under advisement.

**I. ANALYSIS**

The Defendant is facing a two-count indictment. Both counts charge 18 U.S.C. § 922(g)(1) offenses. Count One charges him with being a felon in possession of a firearm on diverse days between January 24, 2010, and approximately the end of March 2010. Count Two charges the Defendant with being a felon in possession of firearms on diverse days between February 10, 2010, and March 2010.

The Defendant moves to have both counts of the Indictment dismissed for failure to identify a particular firearm. The Defendant contends that merely alleging possession of a "firearm" in Count One and "firearms" in Count Two fails as a matter of law, because he contends that identifying the specific firearms is an essential element of a § 922(g)(1) charge.

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. Amend. V. "The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "'fully, directly, and expressly[.]'" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)); Landham, 251 F.3d at 1079. Moreover, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487(1888)); Landham, 251 F.3d at 1079.

In the instant case, the basis for the Defendant's argument is his contention that the Sixth Circuit requires the identification of a particular or specific firearm as an element of a § 922(g)(1) offense. In support of this argument, the Defendant cites United States v. Arnold, 486

2

F.3d 177, 183 (6th Cir. 2007), United States v. Schreane, 331 F.3d 548, 560 (6th Cir. 2003), and United States v. Kincaide, 145 F.3d 771, 782 (6th Cir. 1998). Without delving into the details of each of these cases, the Court finds that these cases are inapposite because they only relate to rulings regarding the sufficiency of the evidence for a conviction at trial, not the adequacy of the charging language in an indictment.

Further, although these cases do contain language relating to proving possession of particular firearms identified in an indictment, the Court does not construe this language as establishing a requirement that a firearm must be specifically identified in an indictment. Rather, the language generally relates to the pragmatic proof of possession of a particular firearm when it was specifically identified in an indictment.[1]

Moreover, as argued by the Government [Doc. 19], the Sixth Circuit has specifically addressed the Defendant's contention herein, in the unpublished case of United States v. Smith, wherein it held:

> The specific type of firearm used or possessed during a crime of violence is not an essential element of the offense charged under § 924(c). See Robison, 904 F.2d at 369. Likewise, the United States Courts of Appeal for the Fifth and Tenth Circuits have held the specific type of firearm possessed by a felon is not an essential element of the offense charged under § 922(g)(1). See United States v. Munoz, 150 F.3d 401, 417 (5th Cir. 1998) (the gauge of a gun is not an essential element of § 922(g)(1)); United States v. Hamilton, 992 F.2d 1126, 1129-30 & nn.5-6 (10th Cir. 1993) (the type of firearm is not an essential element of § 922(g)(1)). Joining the Fifth and Tenth Circuits, we hold the logic of Robison should extend to § 922(g)(1).

---

[1] However, the extent to which the identification of a particular firearm is required is in question/doubt in light of United States v. Beasley, 583 F.3d 384 (6th Cir. 2009), United States v. Smith, 27 F. App'x 577, 2001 WL 1631432 (6th Cir. Dec. 18, 2001), and United States v. Robison, 904 F.2d 365 (6th Cir. 1990).

3

27 F. App'x 577, 581, 2001 WL 1631432, *4 (6th Cir. Dec. 18, 2001). Accordingly, in 18 U.S.C. § 922(g)(1) cases, the indictment need not set forth the specific firearm(s) alleged to have been possessed.[2]

The Court's ruling herein and the law of the Sixth Circuit likewise dispenses with the Defendant's arguments regarding notice and double jeopardy. This is true because not only is there no legal requirement that the specific firearm be set forth in the indictment, but also because, in this case, both parties agreed at the August 29 hearing that the Government had provided discovery to the Defendant, including the identification of the nine firearms (two pistols, seven rifles) in issue. Thus, the Defendant knows what firearms he is alleged to have possessed and the dates of his alleged possession. Finally, the Court notes that the pragmatic fact that the Government must prove the interstate commerce nexus element as to any firearm used as evidence virtually eliminates the possibility that the Government will seek to prove some firearm previously unmentioned in discovery and minimizes or eliminates any prospect of surprise at trial.

---

[2] Additionally, the Court finds that both counts herein comply with Rule 7(c) of the Federal Rules of Criminal Procedure and essentially track the statutory language of 18 U.S.C. § 922(g)(1), which makes it unlawful for one convicted of a felony to possess "any" firearm.

4

## II. CONCLUSION

After carefully considering the evidence, the parties' filings and arguments, and the relevant legal authorities, the Court finds no basis to dismiss the Indictment in this case. For the reasons set forth herein, it is **RECOMMENDED** that Defendant Herbert Jones's Motion to Dismiss the Indictment [**Doc. 15**] be **DENIED**.[3]

                                      Respectfully submitted,

                                      <u>  s/ C. Clifford Shirley, Jr.  </u>
                                      United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); <u>see</u> <u>United States v. Branch</u>, 537 F.3d 582, 587 (6th. Cir. 2008); <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide <u>de novo</u> review where objections to this report and recommendation are frivolous, conclusive, or general. <u>Mira v. Marshall</u>, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. <u>Smith v. Detroit Federation of Teachers</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).