IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-59 |
| | ) | |
| HERBERT LYNN JONES, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 12, 2012, for a motion hearing on the Defendant Herbert Jones' First Motion to Continue Trial Date, Plea Deadline, and Motion in Limine Deadline [Doc. 22],[1] filed on January 9, 2012. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Bradley L. Henry represented Defendant Jones, who was also present.

In the motion, defense counsel requests that the Court continue the February 7, 2012 trial date. He states that he is scheduled to leave for a prepaid training seminar on January 29 and will only have one day to prepare for trial, upon his return. He states that the failure to grant a short continuance would prejudice the Defendant. The Government responded [Doc. 23] in opposition

---

[1] Although styled as his first motion for a trial continuance, Defendant Jones previously moved [Doc. 14] on July 22, 2011, to continue the trial in this case. The Court granted [Doc. 18] that motion, resetting the trial to the current trial date of February 7, 2012, in order to permit the Defendant time to litigate a pretrial motion.

1

to the motion, contending that counsel's attendance at a training seminar is not a reason for permitting an ends-of-justice continuance under the Speedy Trial Act.

At the January 12 hearing, Attorney Henry stated that requiring him to proceed to trial one day after his return from an intensive week-long training seminar would disadvantage Defendant Jones because counsel would not have adequate time to complete his final trial preparations. Mr. Henry stated that although he had already begun trial preparations, he would not be able to prepare effectively if he only had one day of trial preparation after a week out-of-town. He said that he had discussed the matter with the Defendant and that the Defendant agreed that a three-week continuance was necessary. AUSA Davidson relied on her written response. She stated that although she knew that Mr. Henry would not request a continuance unless it was necessary, the Government must oppose this request. The Court questioned the Defendant, who stated that he wanted the Court to continue the case for three weeks. The Defendant understood that he would remain in custody during the additional three weeks, if the trial were continued. The parties agreed on a new trial date of February 28, 2012.

The Court has carefully considered the Defendant's request and finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court observes that the Defendant is requesting a very short continuance of three weeks. Second, the Court finds that the request to continue the trial comes from the Defendant and his counsel, with the Defendant's full agreement with the request and understanding that he will remain in custody. Third, the Court observes that although the Government has properly objected to the request, that its objection is based upon principle, rather than a specific prejudice such as loss of a witness or evidence. Fourth, although the public has an

interest in the speedy resolution of this matter, the Government has proffered no specific prejudice to the public, and the Court discerns none.

Contrasted with the findings of no specific prejudice to the Government or the public, the Court finds that the failure to grant the requested three-week continuance would result in potential prejudice to the Defendant. The Court finds that either defense counsel would be required to complete his final trial preparation in one day following a week-long trip, which the Court finds would constitute a miscarriage of justice, see 18 U.S.C. §3161(h)(7)(B)(i), or the Court would have to substitute new counsel for the Defendant. The Court finds that new counsel would require a much longer continuance to become familiar with the case and to prepare for trial. Accordingly, the Court finds that the failure to grant the continuance would unreasonably deny the Defendant the continuity of counsel. 18 U.S.C. §3161(h)(7)(B)(iv). Finally, the Court determines that the failure to grant the continuance would require Attorney Henry to complete his trial preparations in one day and would deny defense counsel the reasonable time necessary to prepare for trial effectively, even taking into account counsel's exercise of due diligence. 18 U.S.C. §3161(h)(7)(B)(iv). Accordingly, the Court finds that nothing is gained by requiring the parties to proceed to trial on the current trial date, that no prejudice enures to the Government or the public from a short three-week continuance, and that the Defendant will potentially be prejudiced if the continuance were denied. For these reasons, the Court finds that the ends of justice are served by granting the three-week continuance.

Accordingly, the Defendant's First Motion to Continue Trial Date, Plea Deadline, and Motion in Limine Deadline **[Doc. 22]** is **GRANTED**, and the trial of this matter is reset to **February 28, 2012.** The Court also finds that all the time between the **February 7, 2012** trial date and the new trial date of **February 28, 2012**, is fully excludable time under the Speedy Trial Act for the reasons

set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to additional scheduling, the deadline for completing plea negotiations is extended to **February 7, 2012.** Motions *in limine* must be filed no later than **February 14, 2012**. Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **February 21, 2012**.

Accordingly, it is **ORDERED**:

(1) The Defendant's First Motion to Continue Trial Date, Plea Deadline, and Motion in Limine Deadline **[Doc. 22]** is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 28, 2012**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the former trial date of **February 7, 2012**, and the new trial date of **February 28, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The plea negotiation cutoff deadline is extended to **February 7, 2012**;

(5) Motions *in limine* must be filed no later than **February 14, 2012**; and

(6) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **February 21, 2012**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge